Marcus G. Christ, J.
There are two causes of action. The first is upon the unpaid balance of a series of notes dated July 19, 1954 given to the plaintiff as payee by the defendant Arnold Devices, Inc., as maker and M. Arnold Lerman, president of Arnold Devices, Inc., as an individual accommodation indorser. There were 46 notes in the series totaling $3,390. Each note contained an acceleration clause providing that on default in any note for seven days at the option of the holder the remaining notes might be declared due and payable. The first nine notes were honored but on October 18, 1954 the note due on that day was not paid. Upon the first cause of action judgment is sought in the sum of $2,715 which allows a credit of $675 for the notes paid. The plaintiff has elected to declare the whole unpaid balance of the notes due. The second cause of action is for a note in the sum of $537.19 given at the same time as the series. This note was due on September 16,1954. It was presented for payment and payment was refused and it has not yet since been paid. The defendant indorser has on the notes waived present *489 ment, notice of default and notice of protest and is a guarantor of the payment of the notes.
Defendants do not deny that the notes were made, nor do they claim that they were paid at maturity except the first nine of the series. The defendants assert as an affirmative defense that these notes were given to pay out the plaintiff from his interest in the defendant Arnold Devices, Inc. This, had originally been Lerman’s company but the plaintiff bought into it. It is claimed by the defendants that the plaintiff, contrary to his agreements with Lerman and with the corporate defendant, had purchased large quantities of materials in which the corporation dealt, and that these purchases were made without Lerman’s knowledge or concurrence. They say further that at the time the business arrangement with the plaintiff was concluded the bills for these outstanding obligations were undisclosed by the plaintiff and that when he received his money for his interest in the corporation the corporation was -worth much less than the figure upon which the settlement adjustments were made. The answer also asserts, although it is not labeled as a counterclaim, an affirmative claim for $14,000 for damages done to the corporation by the acts of the plaintiff. On all these issues the court finds in favor of the plaintiff and against the defendant. There was no violation by the plaintiff of his arrangements in respect to the purchasing of material. Lerman was at the business and had full knowledge of all that transpired and there was no concealment by the plaintiff of any obligations outstanding against the corporation at the time that the settlement was concluded. The corporation owes the money on these notes and Lerman as the indorser and guarantor has an obligation as well to pay.
Judgment is rendered for the plaintiff in the sum of $3,252.19, with interest on $537.19 thereof from September 16, 1954; on $75 from October 25, 1954, and on the balance from November 1,1955, together with the costs and disbursements of this action.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.